# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN L. PATTON, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| SGT. MILLINES; and FULTON | :: | CIVIL ACTION NO. |
| COUNTY SHERIFF DEPARTMENT, | :: | 1:12-CV-3025-TWT-RGV |
| Defendants. | :: | |

## ORDER AND NON-FINAL REPORT AND RECOMMENDATION

Plaintiff Jonathan L. Patton, presently confined in the Hall County Detention Center in Gainesville, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 3]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening and for consideration of plaintiff's request for appointment of counsel, [Doc. 1-1]. At this stage of the proceedings, plaintiff is able to adequately represent his interests without the assistance of counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Accordingly, plaintiff's request for appointment of counsel, [Doc. 1-1], is **DENIED**. Additionally, for the reasons stated below, the undersigned **RECOMMENDS** that the Fulton County Sheriff's Department be

AO 72A
(Rev.8/82)

dismissed as a defendant in this action and that only plaintiff's claim against Sgt. Millines be allowed to proceed.

## I. LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must

2

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. DISCUSSION

Plaintiff brings this action against the Fulton County Sheriff's Department and Sgt. Millines of the Classification Unit. [Doc. 1 at 1, 3]. Plaintiff alleges that Sgt. Millines authorized his February 18, 2012, transfer to a housing zone where inmates Kass and Little resided, despite an order on file in the Classification Unit that plaintiff and inmate Kass be housed separately and despite documentation in both plaintiff's

3

and inmate Little's jail files directing that they be kept separate and monitored due to a November 2011 physical altercation. [Id. at 3-4]. Plaintiff states that, after his transfer, inmate Little bit off plaintiff's left thumb. [Id. at 4]. Plaintiff claims that Sgt. Millines failed to protect him from inmate Little's attack. [Id.]. Plaintiff seeks declaratory and monetary relief. [Id.].

The protection of inmates against attacks from other inmates is a condition of confinement subject to the strictures of the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 303 (1991); LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993). Because plaintiff was a pre-trial detainee at the time of the attack, this claim should be analyzed under the Due Process Clause of the Fourteenth Amendment. Cagle v. Sutherland, 334 F.3d 980, 985-86 (11th Cir. 2003) (per curiam). "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc). In order to establish a claim based on a failure to prevent harm by another inmate, a plaintiff must show that (1) the conditions under which the attack took place posed a substantial risk of serious harm, (2) the defendant had actual knowledge of but disregarded that substantial risk, and

4

(3) causation. Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319-20 (11th Cir. 2005).

Plaintiff's allegation, which must be accepted as true at this stage of the proceedings, that Sgt. Millines authorized his transfer to the housing unit where inmate Little resided despite documentation on file regarding a prior altercation between the two inmates plausibly states a failure to protect claim and survives frivolity review. However, the Fulton County Sheriff's Department is due to be dismissed from this action because it is not a legal entity subject to suit under § 1983. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

### III. CONCLUSION

For the foregoing reasons, plaintiff's request for appointment of counsel, [Doc. 1-1], is **DENIED**, and **IT IS RECOMMENDED** that the Fulton County Sheriff's Department be **DISMISSED** from this action and that plaintiff's failure to protect claim against Sgt. Millines be allowed to proceed as in any civil action.

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**SO ORDERED AND RECOMMENDED**, this 26th day of September, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)