**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN L. PATTON,   Plaintiff, | :: :: :: | PRISONER CIVIL RIGHTS  42 U.S.C. § 1983 |
| v. | :: :: | |
| SGT. MILLINES,   Defendant. | :: :: | CIVIL ACTION NO.  1:12-CV-3025-TWT-RGV |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be

limited to a plain error review. Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 14th day of April, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JONATHAN L. PATTON, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| SGT. MILLINES, | :: | CIVIL ACTION NO. |
|     Defendant. | :: | 1:12-CV-3025-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

In this pro se civil rights action, plaintiff Jonathan L. Patton ("plaintiff") alleges that Sergeant Sylvia M. Millines ("defendant") failed to protect plaintiff from an attack by another inmate. [Doc. 1 at 3-4]. This matter is now before the Court on the motions for summary judgment filed by plaintiff, [Doc. 27], and defendant, [Doc. 33]. For the reasons that follow, **IT IS RECOMMENDED** that plaintiff's motion for summary judgment, [Doc. 27], be **DENIED** and that defendant's motion for summary judgment, [Doc. 33], be **GRANTED**.

**I. STATEMENT OF FACTS**

Defendant is a deputy sheriff employed at the Fulton County Jail ("the jail") as a classification sergeant. [Doc. 32 (Millines Aff.) ¶ 2].[1] At all relevant times, plaintiff

---

[1] Defendant has filed a statement of undisputed facts in compliance with Local Rule 56.1B(1), [Doc. 33-2], but plaintiff has not filed a response as required by Local

was a pretrial detainee at the jail. [Doc. 1 at 2-3]. Upon intake, inmates at the jail are put through a system of classification. [Doc. 32 ¶ 4]. One of the reasons for such classification is to prevent violent offenders from being housed with non-violent offenders or other inmates with whom they may have a potential conflict. [Id.]. Inmates' classifications may change and they may be moved depending on incidents or threats or potential threats that come to the jail staff's attention. [Id. ¶ 5]. Though attempts are made to separate inmates with conflict reports, there is no formal written policy requiring such separation. [Id. ¶ 15].

On February 17, 2012, plaintiff was relocated from Zone 300 of 7 North, which is maximum security housing, to Zone 300 of 7 South in the jail. [Doc. 1 at 3; Doc. 32 ¶ 6]. Lieutenant C. Rambo ordered this move due to gang activity. [Doc. 32 ¶¶ 9-10, Exs. A-C]. Specifically, plaintiff and another inmate were planning an assault on

---

Rule 56.1B(2)a. Accordingly, the defendant's statement of undisputed facts, which are supported by the record, are deemed admitted. See LR 56.1B(2)a(2), NDGa; Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302-03 (11th Cir. 2009); Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008). Plaintiff also failed to file a "separate, concise, numbered statement of the material facts," as required by Local Rule 56.1B(1) in support of his motion for summary judgment. However, the Court has considered the "Statement of Material Facts" contained in plaintiff's brief to the extent that those facts are relevant, supported by a citation to evidence, and not otherwise subject to a sustainable objection raised by defendant. Additionally, the Court has omitted facts which are not material to the issues presented in the pending motions or were not supported by citations to evidence. See LR 56.1B(1), (2)a(2), NDGa.

yet another inmate housed in Zone 300 of 7 North. [Id. ¶ 11, Exs. B-C]. At the time of this incident, defendant was not the officer in charge and did not approve the move. [Id. ¶ 12, Ex. A]. Rather, Captain Mason was in charge and approved and attested to the move. [Id. ¶ 13, Ex. A]. However, plaintiff has submitted a copy of the response to his grievance concerning the incident, which states that defendant "authorized" plaintiff's relocation to 7 South. [Doc. 27-1 at 2].

After the move, plaintiff was involved in an altercation with inmate Little. [Doc. 1 at 4]. Accordingly to plaintiff, inmate Little bit off plaintiff's thumb. [Id.]. After this altercation, plaintiff refused to disclose the source of his thumb injury, and defendant maintains that there is evidence that the injury was self-inflicted because plaintiff did not want to be housed in Zone 300 of 7 South. [Doc. 32 ¶ 14, Ex. D].

Plaintiff alleges that defendant failed to protect him from the attack by inmate Little because there was (1) an order on file in the Classification Unit that plaintiff and inmate Kass, who was housed in Zone 300 of 7 South, be "kept separate" and (2) documentation in both plaintiff's and inmate Little's jail files directing that they be kept separate and monitored due to a November 2011 physical altercation. [Doc. 1 at 3-4]. According to defendant, there was no Court order in plaintiff's jail file to keep inmates Kass and plaintiff separate. [Doc. 32 ¶ 8]. However, plaintiff points out that

3

defendant has admitted that there was an "avoid conflict" incident report on file involving plaintiff and inmate Little. [Doc. 27-1 at 4, 10-11; Doc. 37-1 at 8].

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute as to any material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Id. at 325. In determining whether the moving party has met this burden, the district court must "view the evidence and all factual inferences . . . in the light most favorable to the party opposing the motion." Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted).

Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmovant may not rest upon mere

4

allegations or denials contained in his pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Additionally, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position" is insufficient to defeat summary judgment. Id. at 252. Rather, the court must determine "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id.

### III. ANALYSIS

Plaintiff argues that defendant either knew, or should have known in light of her position as a classification sergeant, about the "avoid conflict" incident report on file involving plaintiff and inmate Little. [Doc. 27 at 5; Doc. 37 at 4-5]. Thus, plaintiff maintains that, by authorizing plaintiff's relocation to the housing unit where inmate Little resided, defendant acted "with deliberate indifference to the substantial risk that [plaintiff] would be seriously harm[ed] by inmate C. Little." [Id.]. Defendant contends that she is entitled to qualified immunity, that plaintiff has not shown that defendant acted with deliberate indifference or caused plaintiff's injuries, and that defendant is entitled to Eleventh Amendment immunity. [Doc. 33-1 at 8-19]. Plaintiff responds that defendant is not entitled to immunity and that the evidence shows that defendant acted with deliberate indifference. [Doc. 37 at 2-5].

5

A.     **Failure to Protect**

The protection of inmates against attacks from other inmates is a condition of confinement subject to the strictures of the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 303 (1991); LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993). Because plaintiff was a pre-trial detainee at the time of the attack, this claim should be analyzed under the Due Process Clause of the Fourteenth Amendment. Cagle v. Sutherland, 334 F.3d 980, 985-86 (11th Cir. 2003) (per curiam). "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc), abrogated in part by, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). Plaintiff "must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010) (citation omitted).

To be held liable for failure to prevent the alleged attack by inmate Little, defendant must have known of and recklessly disregarded "an excessive risk to [plaintiff's] health or safety; [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

6

also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983." Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) (per curiam) (citation omitted). "The known risk of injury must be a strong likelihood, rather than a mere possibility[,] before a guard's failure to act can constitute deliberate indifference." Moulds v. Bullard, 345 F. App'x 387, 391 (11th Cir. 2009) (per curiam) (citation omitted).

The undisputed evidence, viewed in the light most favorable to plaintiff, shows that defendant had some role in transfer of plaintiff to 7 South, that defendant was a classification sergeant, and that there was an avoid conflict incident report on file concerning plaintiff and inmate Little at the time of the attack. See [Doc. 27-1 at 2, 4, 10-11; Doc. 32 ¶ 2; Doc. 37-1 at 8]. However, there is no evidence before this Court to show that defendant was actually aware of the avoid conflict incident report or, even if she was aware of it, that she drew the inference that inmate Little might attack plaintiff but deliberately chose to ignore the risk. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. Farmer, 511 U.S. at 838. At most, a jury might

7

find, based on the evidence before the Court, that defendant acted negligently, which does not support a constitutional claim. See Smothers v. Brown, No. 5:13-cv-227-RS-EMT, 2013 WL 6243402, at *4 (N.D. Fla. Dec. 3, 2013) (finding that "although [defendant] was aware that [p]laintiff and [another inmate] had previously argued, . . . [this does] not suggest [defendant] was subjectively aware [p]laintiff was especially likely to be assaulted by [the other inmate] if the two were housed in the same dormitory. At most, the facts suggest [defendant's] failure to change [p]laintiff's housing assignment was negligent."), report and recommendation adopted at *1. Because plaintiff has not produced any evidence to show that defendant acted with deliberate indifference, defendant is entitled to summary judgment.[2]

## B.  **Qualified Immunity**

Government officials sued in their individual capacities, like defendant here, are immune from suit if their alleged conduct does not violate clearly established federal rights of which a reasonable person would have known. Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 (11th Cir. 2010). To obtain qualified immunity, the official

---

[2] Because the Court concludes that defendant did not violate plaintiff's constitutional rights, it does not address defendant's final argument regarding Eleventh Amendment immunity. See Gish v. Thomas, 516 F.3d 952, 955 (11th Cir. 2008) (holding that, absent a constitutional violation, there is no liability for an allegedly offending policy).

8

must first show that he was acting within the scope of his discretionary authority when the allegedly unconstitutional events occurred. Id. at 734 n.14. If he does so, the plaintiff must satisfy a two-part inquiry to defeat qualified immunity. Pearson v. Callahan, 555 U.S. 223, 231, 236 (2009). One part of this inquiry is whether the plaintiff's allegations, if true, establish a constitutional violation. Brown, 608 F.3d at 734. The other part of this inquiry is whether the right violated was clearly established at the time the official acted. Id. The official loses qualified immunity only if the plaintiff satisfies both inquiries, id., and courts may conduct the two-part inquiry in whatever order they deem appropriate, Pearson, 555 U.S. at 236.

In this case, plaintiff has not disputed that defendant acted within his discretionary authority as a classification sergeant at the jail. [Doc. 32 ¶¶ 2, 4-5, 15]. Accordingly, plaintiff must demonstrate that defendant is not entitled to qualified immunity. See Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004) ("Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity."). Plaintiff cannot meet his burden because, as discussed in section III. A, the undisputed evidence shows that defendant did not violate plaintiff's constitutional rights. Moreover, plaintiff cannot show that defendant violated clearly established law.

9

See Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2084 (2011) ("A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" (citation omitted)). The law at the time of the February 17 2012, incident did not clearly establish that defendant's alleged authorization of plaintiff's transfer to an area of the prison where an inmate with whom plaintiff had an avoid conflict incident report on file amounted to deliberate indifference to a risk of serious harm to plaintiff.  See Farmer, 511 U.S. at 837-38; Moulds, 345 F. App'x at 391; Carter, 352 F.3d at 1350; Smothers, 2013 WL 6243402, at *4.  Accordingly, defendant is entitled to qualified immunity.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's motion for summary judgment, [Doc. 27], be **DENIED** and that defendant's motion for summary judgment, [Doc. 33], be **GRANTED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of April, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

10